THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH FRANCIS WHITE,<br><br>Defendant. | CASE NO. CR12-0067-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 86). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

On April 25, 2012, Defendant pled guilty to failure to register as a sex offender arising from his 1986 second degree rape conviction. (*See* Dkt. No. 23.) On July 6, 2012, the Court sentenced Defendant to time served and ten years of supervised release. (*See* Dkt. No. 34.) Defendant has violated the terms of his supervised release multiple times. (*See* Dkt. Nos. 39, 53, 66, 85.) He has violated the terms of his curfew and electronic monitoring as well as the prohibition on consumption of alcohol and marijuana. The Court denied Defendant's previous motion for early termination of supervised release in 2015, citing his difficulty adhering to the

conditions of supervised release and the need to deter future unlawful conduct. (Dkt. No. 56 at 3.)

Shortly after Defendant filed this motion for early termination of supervised release, his probation officer notified the Court that Defendant had failed to return to his transitional housing by curfew on March 30, 2019, and did not return until the following day. (Dkt. No. 88 at 2.) Defendant now moves for early termination of his supervised release, which is scheduled to expire in November 2019. (Dkt. No. 86.) The Government and Probation oppose Defendant's request. (Dkt. Nos. 87, 88.)

## II. DISCUSSION

### A. Legal Standard

The Court may terminate a defendant's term of supervised release after a year has elapsed, if the Court is "satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court must consider eight factors when deciding whether a defendant's motion for early termination of supervised release should be granted.[1] *Id.* The Court has broad discretion "to consider a wide range of circumstances" when determining whether to grant a motion for early termination of supervised release. *United States v. Emmett,* 749 F.3d 817, 819 (9th Cir. 2014).

### B. Application of § 3583 Factors to Defendant

The most relevant factors to this case are the nature of the offense and history of Defendant, the need to afford adequate deterrence, ensure public safety, and provide Defendant with correctional treatment. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(D).

---

[1] Pursuant to 18 U.S.C. § 3583, the factors a Court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant, (4) the need to provide the defendant with correctional treatment; (5) the sentencing range; (6) policy statements of the sentencing commission; (7) unwarranted sentencing disparities; and (8) restitution owed to victims. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7).

Defendant's period of supervised release stems from his failure to register as a sex offender. (*See* Dkt. No. 1.) Although his underlying sex offense is from 1986, Defendant's conviction for failure to register is much more recent. (*Id.*) Defendant lived in Washington State from 2009 to 2012 and failed to register during that period. (*Id.* at 4–5.) Prior to that, Defendant failed to register in Nevada. (*Id.* at 4.) On July 6, 2012, the Court sentenced Defendant to time served and a ten-year term of supervised release. (*See* Dkt. No. 34.) Defendant has registered as an offender while on supervised release, but continues to violate the other conditions of his probation, such as abstaining from alcohol and marijuana and following his curfew. (*See generally* Dkt. No. 88.)

Defendant stated that stable housing and employment would support his compliance with the conditions of his supervised release. (*See* Dkt. 60.) Since 2016, Defendant has been employed by Styro Recycle and has resided in clean and sober housing. (Dkt. No. 67 at 1.) However, Defendant's struggles with alcohol, marijuana, and homelessness have been documented throughout the period of his supervised release. (*See* Dkt. No. 88.) In addition to these past violations, Defendant's probation officer expressed concern over Defendant's recent unexplained absence from his housing, and his failure to communicate with either his housing manger or probation officer about his absence. (*Id.* at 2.) Defendant's probation officer stated that as a sex offender, Defendant should not be staying the night away from his approved housing without his probation officer's permission. (*Id.*) Therefore, the nature of the offense and the characteristics of Defendant do not support early termination of supervised release. Defendant's pattern of violations while on supervised release also indicate that he has not been sufficiently deterred from unlawful conduct.

While the Court does not conclude that Defendant poses a clear safety risk to the community, it also considers whether continued supervision provides Defendant with "correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2)(D). Defendant argues that the conditions of his supervised release are a hindrance. (Dkt. No. 86 at 3.) Based

upon Defendant's struggles with housing and sobriety, the conditions of supervised release are protective and necessary in this case. Requiring abstention from alcohol as a term of supervised release can serve as a check on Defendant's conduct, thus helping to preserve his employment and clean and sober housing. Therefore, this factor does not support early termination of supervised release. Considering all of the relevant factors, the Court concludes that early termination is neither warranted by Defendant's conduct nor in the interest of justice.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 86) is DENIED.

DATED this 8th day of April 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE